# United States Court of Appeals for the Fifth Circuit

No. 21-50024
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 4, 2021

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ashley Nicole Daniels; Ronnie Lee Hightower,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-204

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Ashley Nicole Daniels and Ronnie Lee Hightower were convicted after a jury trial of one count of conspiring to possess with the intent to distribute five grams or more of actual methamphetamine. On appeal,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50024

Daniels and Hightower challenge the sufficiency of the evidence to support their convictions.

Because Daniels and Hightower preserved their sufficiency challenges in the district court, our review is de novo. *See United States v. Carbins*, 882 F.3d 557, 562-63 (5th Cir. 2018). In reviewing preserved sufficiency claims, we determine whether "after viewing the evidence and all reasonable inferences in the light most favorable to the [Government], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

To convict Daniels and Hightower of conspiracy to possess with intent to distribute methamphetamine, the Government was required to establish at trial: "(1) the existence of an agreement between two or more persons to possess with intent to distribute [the charged amount of methamphetamine], (2) that [the defendants] knew of the conspiracy and intended to join it, and (3) that [they] participated in the conspiracy." *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007). "The jury may infer any element of conspiracy from circumstantial evidence." *United States v. Zamora-Salazar*, 860 F.3d 826, 832 (5th Cir. 2017) (internal quotation marks, citation, and brackets omitted).

The trial record reflects that a confidential informant advised law enforcement that Daniels and Hightower were selling methamphetamine out of their fifth-wheel trailer, and a controlled buy was arranged. Daniels and Hightower were both present and actively participated in the buy, which was recorded and surveilled by law enforcement. During the buy, Daniels and Hightower discussed prior purchases of methamphetamine which suggested their involvement in larger drug trafficking activities. The search of the trailer two days later yielded almost an ounce of actual methamphetamine,

baggies, and digital scales, which the Government's expert witness in the field of narcotics testified was indicative of drug trafficking. Contrary to their contentions, there was sufficient evidence for a jury to make a reasonable inference that Daniels and Hightower had exclusive control or custody over the trailer and the floor safe where the methamphetamine was found.

Finally, Daniels asserts that the audio recording of the controlled buy was "hard to hear," and she challenges the sufficiency of Detective Stephen Standage's voice identification. The evidence, here, was sufficient to show that Detective Standage had "some familiarity" with Daniels's voice to form the basis for his identification. *United States v. Jones*, 873 F.3d 482, 495 (5th Cir. 2017) (internal quotation marks and citation omitted). The jury was responsible for determining the weight to accord his identification testimony. *See United States v. Cuesta*, 597 F.2d 903, 915 (5th Cir. 1979).

In light of the foregoing, we conclude that the evidence, viewed in the light most favorable to the Government and with all reasonable inferences made in favor of the verdict, was sufficient to support Daniels's and Hightower's convictions for conspiracy to possess with the intent to distribute five grams or more of actual methamphetamine. *See Vargas-Ocampo*, 747 F.3d at 301.

AFFIRMED.